Filed 11/10/22 P. v. Pierson CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074662 |
| v. | (Super.Ct.No. RIF101528) |
| MARIE ELIZABETH PIERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed with directions.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2002, a jury convicted Marie Elizabeth Pierson of first degree murder and found true the robbery-murder special circumstance, which authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life." (Pen. Code, § 190.2, subds. (a)(17) & (d).)[1] In 2019, Pierson filed a petition to vacate her murder conviction under section 1172.6 (formerly section 1170.95).[2] The trial judge summarily denied the petition on the ground the special circumstance finding rendered Pierson categorically ineligible for resentencing. (§ 190.2, subd. (d).)

On appeal, Pierson argued the special circumstance finding did not render her ineligible as a matter of law because it predated the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified what "major participant" and "reckless indifference to human life" mean for purposes of section 190.2, subdivision (d). In our original opinion, we disagreed and affirmed the summary denial of her petition.

The California Supreme Court subsequently granted review of our opinion and deferred action pending its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), and it has now transferred the matter back to us with directions to vacate our original opinion and reconsider Pierson's appeal in light of its decision. Having done so, we

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no change in text.(Stats. 2022, ch. 58, § 10.) We use section 1172.6 to refer to whichever of the two statutes was in effect at the relevant time.

conclude she has demonstrated a prima facie case for relief and is entitled to an evidentiary hearing under section 1172.6, subdivision (d). We therefore reverse.

## I

## FACTS

In 2002, Pierson and Angelo Will committed a home invasion robbery during which Will stabbed the victim to death. The jury convicted Pierson of first degree murder (§ 187, subd. (a)) and found true the special circumstance that the murder was committed during a robbery (§ 190.2, subd. (a)(17)(A)), and the trial judge sentenced her to life without the possibility of parole. In 2009, we affirmed Pierson's conviction in our unpublished decision, *People v. Pierson* (May 15, 2009, E039621).

In 2015 and 2016, the California Supreme Court decided *Banks* and *Clark*, respectively, which discuss when section 190.2 authorizes a special circumstance life without parole sentence for a felony-murder defendant convicted as an aider and abettor. (*Banks*, *supra*, 61 Cal.4th at p. 794; *Clark*, *supra*, 63 Cal.4th at pp. 609-610.) Those decisions held that participation in an armed robbery, on its own, is insufficient to support a finding that the defendant acted with reckless indifference to human life. Instead, the fact finder must consider "the defendant's *personal* role in the crimes leading to the victim's death and weigh the defendant's individual responsibility for the loss of life, not just his or her vicarious responsibility for the underlying crime." (*Banks*, at p. 801.) "The defendant must be *aware of and willingly involved in* the violent manner in which the particular offense is committed," thereby "demonstrating reckless indifference to the

3

significant risk of death his or her actions create." (*Ibid.*, italics added.) *Banks* provided a nonexhaustive list of factors to consider when determining whether the defendant was a major participant in the underlying felony, and *Clark* provided a similar list for determining whether the defendant acted with reckless indifference to human life. (*Banks*, at p. 803; *Clark*, at pp. 619-623.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), which, among other things, amended the definition of felony murder in section 189 and created a procedure for vacating murder convictions predating the amendment that could not be sustained under the new law. (Stats. 2018, ch. 1015, § 4.) Following this procedure, in 2019, Pierson filed a petition to vacate her murder conviction. She alleged she had been convicted of first degree murder under a felony-murder theory and could not be convicted of murder under the new law because she was not a major participant in the felony and did not act with reckless indifference to human life during its commission.

Riverside County Superior Court Judge John D. Molloy summarily denied the petition. He concluded the special circumstance finding demonstrated as a matter of law that the jury found Pierson was a major participant in the robbery who acted with reckless indifference to human life, and as a result, she was categorically ineligible for relief.

# II

# ANALYSIS

A.    *SB 1437 and Section 1172.6*

SB 1437 narrowed the felony-murder rule and eliminated the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 849.) As relevant here, SB 1437 amended the felony-murder rule to provide that "[a] participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder *only if* one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, *with the intent to kill*, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the *commission of murder in the first degree*. [¶] (3) The person was a major participant in the underlying felony and acted with *reckless indifference to human life*, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e), emphasis added.)

SB 1437 also created a procedure for offenders previously convicted of murder to seek retroactive relief if they could no longer be convicted of murder under the new law's changes to the definition of murder. (Stats. 2018, ch. 1015, § 4.) Under section 1172.6, such offenders may petition to have their convictions vacated and are entitled to relief if (1) the complaint or information filed against them allowed the prosecution to proceed under the felony-murder rule or natural and probable consequences doctrine, (2) they were "convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of

5

murder or attempted murder," and (3) they "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189." (§ 1172.6, subd. (a).) If a petition makes a prima facie showing the offender is entitled to relief, the judge must issue an order to show cause and hold "a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced." (§ 1172.6, subds. (c), (d)(1).) At that hearing, the People bear the burden "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).)

B.      *Pierson Is Entitled to a Hearing*

In *Strong*, our Supreme Court held that a true finding on a robbery-murder special circumstance that predates *Banks* and *Clark* does not render a section 1172.6 petitioner ineligible for relief as a matter of law because the finding was made "under outdated legal standards." (*Strong*, *supra*, 13 Cal.5th at p. 720.) In addition, *Strong* also held that a court's postconviction determination that substantial evidence supports the finding under *Banks* and *Clark* also does not render the petitioner ineligible as a matter of law because the determination "would not involve a determination beyond a reasonable doubt that [the current legal standards] were met." (*Strong*, at p. 720.)

Having reconsidered this case under these principles, we conclude Pierson has established a prima facie case for relief because her special circumstance finding predates *Banks* and *Clark*.

6

## III

## DISPOSITION

We reverse the order denying the petition. On remand, the trial court shall issue an order to show cause and conduct an evidentiary hearing in accordance with section 1172.6, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

7